IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-25,226-03






EX PARTE SYLVANIA LORENE GLENN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1993-487-C IN THE 54
TH DISTRICT COURT


FROM MCLENNAN COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of indecency with a
child and punishment, enhanced by a prior conviction, was assessed at confinement for life. Appeal
from this conviction was affirmed, Glenn v. State, No. 10-93-250-CR (Tex. App. - Waco, delivered
June 15, 1994, pet. ref'd)

 Applicant contends that she is actually innocent, as shown by the complainant's recantation. 
The trial court has not entered any findings of fact.

 It is this Court's opinion that additional facts need to be developed, and since this Court
cannot hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d) to determine whether the complainant has recanted his trial testimony. If he
has recanted, the court shall further determine whether such recantation is credible and establishes
that Applicant is actually innocent of this offense.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the complainant has recanted his
trial testimony. If so, the trial court shall also make other findings of fact and conclusions of law
that it deems relevant and appropriate to its determination of whether that recantation is credible and
whether Applicant is actually innocent of this offense, including a summary of the evidence
presented at Applicant's trial.

 This application will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 25, 2007

DO NOT PUBLISH